09-5303-cr
USA v. Pena (De La Rosa)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 1st day of October, two thousand ten.

Present:    ROBERT A. KATZMANN,
           DEBRA ANN LIVINGSTON,
                     *Circuit Judges*,
           EDWARD R. KORMAN,
                     *District Judge.**

_____

UNITED STATES OF AMERICA,

           *Appellee*,

           - v -                No. 09-5303-cr

JOSE PENA, BALDEMAR ORTEGON, NAHUM GOICOHEA, HECTOR ARCINIEGA, JUAN YBARRA, JOHN YBARRA, SAMUEL BAUGHMAN,

           *Defendants,*

GUADALUPE DE LA ROSA,

           *Defendant-Appellant.*

_____

For Defendant-Appellant:           Arza Feldman, Feldman & Feldman, Uniondale, N.Y.

_____

    * The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

For Appellee:                                   Benjamin A. Naftalis, Katherine Polk Failla,
                                                Assistant United States Attorneys, *for* Preet
                                                Bharara, United States Attorney for the
                                                Southern District of New York, New York,
                                                N.Y.


        Appeal from the United States District Court for the Southern District of New York
(Koeltl, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the district court is **AFFIRMED**.

        Defendant-appellant Guadalupe De La Rosa appeals from a judgment of conviction in the

United States District Court for the Southern District of New York (Koeltl, *J.*), entered

December 28, 2009, following his entry of a plea of guilty to one count of conspiring to

distribute and possess with intent to distribute 500 grams and more of cocaine in violation of 21

U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 846.  On appeal, De La Rosa challenges his sentence

of 228 months' imprisonment, to be followed by a term of 10 years' supervised release.  On

April 16, 2010, the government moved to dismiss De La Rosa's appeal based on De La Rosa's

knowing and voluntary waiver of his appellate rights, and for summary affirmance.  By order

dated June 28, 2010, a panel of this Court granted the government's motion "to the extent [De La

Rosa] seeks to appeal his term of imprisonment, because he has not demonstrated that the waiver

of his appellate rights is unenforceable." *See United States v. De La Rosa*, No. 09-5303-cr (2d

Cir. June 28, 2010) (Order granting motion to dismiss).  The panel denied the motion, however,

"with respect to [De La Rosa's] challenge to his term of supervised release (which does not fall

within the scope of the appeal waiver)." *Id.*  We assume the parties' familiarity with the

remaining facts and procedural history of this case.

The sole question before us is whether the term of supervised release imposed by the district court was substantively reasonable. "Reasonableness review is akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion[,] . . . committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007) (internal quotation marks omitted). In reviewing the district court's determination for substantive reasonableness, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "Our role is no more than to 'patrol the boundaries of reasonableness,'" *United States v. Stewart*, 590 F.3d 93, 135 (2d Cir. 2009) (quoting *Cavera*, 550 F.3d at 191), and we generally will set aside a district court's substantive determination only in exceptional cases where the court's decision "'cannot be located within the range of permissible decisions,'" *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

Here, De La Rosa argues that his 10-year term of supervised release is substantively unreasonable because (1) he will be 77 years old at the time of his release from prison, thus reducing the risk of recidivism; (2) the Probation Office recommended an 8-year term of supervised release; and (3) a 10-year term "is unjustified" given that De La Rosa's term of imprisonment "was unreasonably long." Def.'s Br. at 19. It is clear from the record of De La Rosa's sentencing hearing, however, that the district court carefully fashioned a sentence that "recognize[d] the seriousness of the offense and the need for deterrence," S.A. 67, while also taking into account De La Rosa's "age and physical condition," S.A. 70. Notably, the district court's decision to impose a 10-year term of supervised release was specifically predicated upon

3

its decision to impose a term of imprisonment substantially below the bottom of the guidelines range. The district court's concerns regarding the likelihood of recidivism were reasonable in light of De La Rosa's considerable criminal history, and the court's sentence appropriately reflected the need for rehabilitation and protection of the public. Under these circumstances, we can conclude that the 10-year term supervised release — which was two years above the mandatory minimum term of 8 years but well below the maximum term of life — was substantively reasonable and well within the range of permissible decisions.

We have considered De La Rosa's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE